MANUEL ALVES *vs.* N. N., N. H. & H. R. R. Co.

| 27 | 581 |
| f29 | 164 |

JUNE 4, 1906.

PRESENT: Douglas, C. J., Dubois, Johnson, and Parkhurst, JJ.

(1)    *Master and Servant.    Negligence.    Inspection.    Defects not Obvious.*

Plaintiff was assisting in propelling a hand-car, standing with his back towards the front end, and held a wooden bar which passed across the car through iron sockets where it was fixed by screws passing through the iron and into the wood    As the bar was lifted it broke off inside the socket, whereby plaintiff was injured.

*Held,* that the defect was not obvious, and it could not be said as matter of law that such an inspection as might have discovered the defect was required.

TRESPASS ON THE CASE for negligence.    Heard on petition of plaintiff for new trial, and denied.

DOUGLAS, C. J.    The plaintiff in this case was assisting in propelling a hand car of the defendant corporation.    He stood with his back towards the front end of the car and held a wooden bar which passed across the car, through iron sockets,

where it was fixed by screws passing through the iron and into the wood. As the bar was lifted it broke off inside the socket which was nearest to the plaintiff. By the breaking of the bar as he was pressing upwards he lost his balance and fell upon the roadbed, and the car ran over him and injured him.

At the trial of the cause in the Common Pleas Division, at the close of the plaintiff's testimony, a verdict was directed for the defendant; and the plaintiff, having duly excepted thereto, brings his petition for a new trial. He alleges also certain exceptions to the exclusion of evidence, which he has not insisted upon.

We think the plaintiff failed to make out a case for the jury.

The accident was caused by a defect in the bar which was not obvious and which could not have been discovered without removing the screws and examining the parts of the bar which were concealed by the sockets.

In *Jones* v. *N. Y., N. H. & H. R. R. Co.*, 20 R. I. 210, it was held to be the duty of a railroad company to discover and remedy a defect in its cars which could be discovered by reasonable inspection; but we can not say as matter of law that such an inspection as might have discovered the defect in this bar is required of the company.

In *Burns* v. *N. Y., Prov. & Boston R. R. Co.*, *Ibid.* 789, it was held, in the absence of testimony that it is customary for railroad companies (or that prudent men engaged in operating railroad trains have ever considered it essential) to remove the spindles from the draw-bars for the purpose of inspecting them, that it was not negligence to omit an inspection of the spindle in that manner.

We think the principle of the latter case is decisive of the case at bar. The exact question was presented in *Louisville & N. R. Co.* v. *Hinder*, 30 S. W. Rep. 399 (Ky.), and the court held that "An employee can not recover from a railroad company for injuries caused by the breaking of the handle of a hand car by reason of defects in that portion of the handle which is fastened in an iron socket, and which can not be discovered without removing it from the socket, in the absence of proof that the company had actual knowledge of this defect;" and

held that on the closing of the plaintiff's testimony a verdict should have been directed for the defendant.

The petition for a new trial is denied, and the cause is remitted to the Superior Court with direction to enter judgment upon the verdict.

*Clark Burdick*, for plaintiff.

*William P. Sheffield, Jr., Max Levy, and William R. Harvey*, for defendant.